Catón, Justice, delivered the opinion of the court: This was a suit brought by the plaintiffs against Wight and Jackson, on a promissory note. Process was served on both the defendants, and Jackson appeared and pleaded the general issue. At a subsequent term, without noticing this plea, a judgment by default was taken against him, the damages assessed, and execution awarded. Afterwards Wight appeared and filed a plea, on which issue was taken, and a jury called, when the plaintiffs submitted to a nonsuit as to him. Execution had been issued against Jackson and returned nulla bona. To reverse this judgment against Jackson, the plaintiffs have prosecuted this writ of error, that they may commence their suit anew. That there was error in taking judgment by default against Jackson, when he had a plea in which went to the whole declaration, and in assessing the damages and rendering final judgment, without, at the same time, disposing of the suit as to Wight, is so olearas to admit of no sort of question. . Jackson could at any time, within five years from the rendition of that judgment, bring the record here, and reverse it; and whether [* 339] the plaintiffs can anticipate him, and obtain a reversal of their own judgment, is the only question. In Capron v. Van Noorden, 2 Cranch 126, the plaintiff had brought a suit in the circuit court of the United States, and taken a judgment by default; without having averred in his declaration facts to give the court jurisdiction. He then took his case to the supreme court, where, for that error, the judgment was reversed at his solicitation. This court held the same doctrine in the case of Teal v. Russell et al. 2 Scam. 321; and it is laid down in Johnson v. Jibb, 3 Bur. 1772, that the plaintiff may bring a writ of error to reverse his own judgment, if it is erroneous. It is also said by Mr. Tidd, in his work on practice, (2 Tidd’s Pract. 1134,) that a writ of error may be brought by a plaintiff to reverse his own judgment, if erroneous, in order to enable him to commence another action. Without going further into the authorities, it is clear that a plaintiff may obtain a reversal of his own judgment, for irregularities which may have intervened in the court below, in order that he may commence another suit, and obtain a regular and valid judgment, as well as where errors have been committed against him. The judgment is reversed at the costs of the plaintiffs. Judgment reversed.